Filed 10/1/14  P. v. Faeth CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MINDY MARIE FAETH,<br><br>    Defendant and Appellant. | B252885<br><br>(Los Angeles County<br>Super. Ct. No. MA060127) |

THE COURT:[*]

Defendant and appellant Mindy Marie Faeth (defendant) appeals her robbery and burglary convictions.  Her appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After we notified defendant of her counsel's brief and gave her leave to file her own brief or letter stating any grounds or argument she might wish to have considered, defendant submitted a letter alleging several errors in the trial of her case, which we describe within.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

Defendant was charged with second degree robbery in violation of Penal Code section 211 (count 1), and second degree commercial burglary in violation of Penal Code

---

[*]    BOREN, P. J., CHAVEZ, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

section 459 (count 2). The evidence at trial showed that defendant entered a Wal-Mart store, took clothing, two purses, and a diaper bag, removed the tags, and left the store without paying for the items. Defendant was observed by loss prevention agent Jeanette Ferrer (Ferrer), who followed defendant outside and confronted her in the parking lot. Defendant pushed Ferrer and attempted to get into the passenger seat of a car driven by another woman. Ferrer took hold of one of the stolen purses and the diaper bag which were on defendant's shoulder. A struggle ensued over a remaining purse, during which defendant kicked and attempted to scratch Ferrer. When Ferrer let go suddenly of the last purse, which belonged to defendant, stolen merchandise and defendant's wallet fell from it to the ground. Defendant fled on foot without her possessions. Defendant's identification was inside her wallet, and Los Angeles Sheriff's Detective Dale Parisi arrested her a few days later. Defendant admitted she had entered the store knowing she had insufficient funds to pay for the items. Defendant claimed she gave up the stolen merchandise, but struggled with the loss prevention agent because the agent attempted to take defendant's purse.

Defense witness Melinda Marie Costa, the driver of the car defendant attempted to get into, testified that she witnessed defendant's altercation with the loss prevention agent and heard the agent say she would let defendant go if defendant gave back the merchandise. Then the agent tried to steal defendant's purse.

A jury found defendant guilty of both counts charged in the information. On November 6, 2013, the trial court sentenced defendant to the middle term of three years in prison as to count 1, and the middle term of two years as to count 2, which the court stayed pursuant to section 654. Defendant was ordered to pay mandatory fines and fees, and to provide a DNA sample and print impressions. She received a total of 146 days of presentence custody credit.[1] At the same time, the trial court found defendant to be in violation of her probation in superior court case No. MA054565, and sentenced her in

---

[1] The custody credit award included 19 days of conduct credit, limited to 15 percent of actual days in custody, under Penal Code sections 2933.1, subdivision (a), and 667.5, subdivision (c)(9).

2

that case to two consecutive terms of eight months, one stayed pursuant to section 654. Defendant filed a timely notice of appeal in this case. She did not appeal the judgment in case No. MA054565.

In her letter to this court, defendant admits stealing from Wal-Mart and struggling over her own purse with Ferrer, but claims that she did not assault Ferrer. Defendant contends that outdoor video evidence would have established her innocence of assault, and that the police should have taken photographs of Ferrer's claimed injuries. She also cites conflicts in Ferrer's testimony which demonstrate a lack of credibility. Defendant asks why Juror No. 2 was not relieved, and claims that her attorney told her there would not be time for her to testify. Defendant contends that her sentence was too severe and has caused hardships for her and her family.

Having examined the entire record and considered defendant's points, we are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against her in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

3